## No. 56.

R. C. WISENOR VS. R. H. LINDSAY. MRS. M. D. C. CANE, WARRANTOR.

The sale of the minor's property was made by order of the Court of Probates, on application of the tutor and advice of the family meeting, and with the legal formalities, and was, therefore, valid.

APPEAL from the First Judicial District Court, parish of Caddo. Taylor, J.

C. C. Henderson and J. L. Hargrove for Plaintiff and Appellant:

A party setting up title in himself stands in position of plaintiff in petitory action and must make the title clear.

All proceedings and formalities in sale of real property of minors are sacramental and must be construed stricti juris.

The offices of tutor and administrator, though residing in one person, are entirely distinct.

L. M. Nutt for Defendant and Appellee.

The opinion of the Court was delivered by

LEVY, J. This is a petitory action, in which plaintiff seeks to be decreed to be the legal owner of a certain lot of ground, in the city of Shreveport, which he claims as the sole surviving heir of his deceased mother. In his petition, plaintiff also sought to recover the sum of $8000, for rents and revenues of said lot. By agreement, in the record, the question of rents and revenues was left open for future adjustment, and the only question before the court was that of title. The suit was brought against R. H. Lindsay, who, at the time of its institution, was in possession of said lot as the tenant of Mrs. M. D. C. Cane, and she appeared and assumed the defense.

Plaintiff bases his right of recovery upon the following allegations : That his deceased mother, Mrs. Jane Wisenor, of whom he is sole heir, the wife of William B. Wisenor, was the owner of the said lot, it being her separate property, acquired by her, by purchase, before her marriage with said W. B. Wisenor; and setting forth her chain of title, running back to the Larkin Edwards grant from the government of the United States ; that she died seized and possessed of said property, and that plaintiff's right and title thereto has never been legally divested. The defendant, Mrs. Cane, in her answer, admits that Mrs. Wisenor was the owner of said lot at the time of her death, but alleges that her succession was administered by her surviving husband, as tutor of his minor children (of whom plaintiff is sole survivor), and that, as such, he caused said lot to be sold, on the advice of a family meeting, which was, in every respect, regular and legal, and whose proceedings were duly homologated, and that, in pursuance of the decree of a court of competent jurisdiction, the lot was sold and purchased by W. M. Fulsom, now deceased ; that she is the owner of the same in good faith and for a valuable consideration ; that she and her author have held peaceable and undisputed possession of the same for more than twenty years, and she pleads, in reconvention, $200, paid by her, for taxes, and two thousand dollars, value of improvements placed by her on the lot. She pleads the prescription of five and ten years.

The record discloses, that the said W. B. Wisenor, tutor, applied to the District Court of Caddo parish, then having jurisdiction of probate matters, representing that the said lot, the improvements on which were in a dilapidated condition, was of little value to the minors, and that it would be to their interest to sell said property and make a more profitable investment of the proceeds; and on his petition the court ordered the convocation of a family meeting, to deliberate and advise whether it would be to the interest of the minors to sell said property, and on what terms, and as to the disposition of the proceeds. The family meeting was ordered and held, and advised the sale of said lot and

investment of the proceeds of sale in slave property, as more productive of revenue. They advised that the lot should be sold for one-third cash, one-third payable on 1st of January, 1860, and one-third on 1st of January, 1861, purchasers to give their notes with approved personal security, mortgage retained on the property sold, notes to bear eight per cent. per annum interest from day of sale. These proceedings were duly homologated and the property ordered, by decree of the court, to be sold on the terms recommended by the family meeting and the proceeds invested in real estate and slaves for the benefit of the minors ; and also ordering a writ of sale to issue to Henry Hunsicker, auctioneer of said parish, to make said sale. The sale, after advertisement, was made on the 15th of June, 1859. The procès verbal of the sale, returned and filed in the clerk's office November 10th, 1859, recites, after setting forth the terms and conditions of sale, as ordered by the decree : " And having complied with all the formalities prescribed by law, I proceeded to offer said property, when, at said offering, William M. Fulsom having bid fifteen hundred dollars, it being the appraisement, and after crying said property a sufficient length of time, in a loud voice, and no person bidding any more, said lot and improvements were knocked off, and adjudicated to said William M. Fulsom for said sum of ($1500) fifteen hundred dollars, he being the last and highest bidder therefor, and he having complied with the terms and conditions of the sale to the satisfaction of W. B. Wisenor."

There also appears in the record an acknowledgment, duly proven and recorded in 1871, to the effect and declaring that the said lot belongs to Mrs. M. D. C. Cane, the defendant herein, the same having been purchased for her, with money furnished by her.

We agree with the District Judge that the deed from Wisenor (as administrator) to Fulsom, dated on the same day with the auctioneer's procès verbal of adjudication, while not necessary to vest title in the purchaser, but describing the identical property and setting forth the terms and conditions of the sale, is to be considered as merely an additional proof of the sale by the auctioneer. C. P. 695; C. C. 2623.

The procès verbal distinctly sets forth a compliance with the terms of sale. This compliance was requisite, and it is shown in the procès verbal ; the statement that this was to Wisenor's satisfaction, added by the auctioneer, did not strengthen the declaration, as an assertion of his withholding such satisfaction with the compliance would not have weakened the adjudication. The proceedings of a court of competent jurisdiction, ordering the sale and fixing the terms, those of the family meeting, legally convoked and regularly held, and its deliberations duly homologated, the sale properly advertised and the adjudication legally made by the officer authorized by the court to make the sale, the com-

pliance with the terms and conditions of the sale, shown in express terms by the procès verbal itself, and this compliance proven by the contemporaneous declarations of Wisenor, who, as tutor, administered the estate of his deceased wife, which had fallen to his ward, all maintain the title of the defendant to the lot claimed by plaintiff in his petition. The rulings of the court to which plaintiff has taken bills of exception were, in our opinion, correct.

We can discover no grounds for interfering with the judgment of the lower court, and it is, therefore, affirmed with costs.